IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| CHAES YANAGIHARA, #09303-122,<br><br>        Petitioner,<br><br>    v.<br><br>ESTELLA DERR,<br><br>        Respondent. | Civil No. 22-00145 JAO-RT<br><br>ORDER DISMISSING PETITION FOR A WRIT OF HABEAS CORPUS UNDER 28 U.S.C. § 2241 |

## ORDER DISMISSING PETITION FOR A WRIT OF HABEAS CORPUS UNDER 28 U.S.C. § 2241

On April 11, 2022, the Court received from pro se Petitioner Chaes Yanagihara ("Petitioner") a signed Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241 ("Petition"). ECF No. 4. In Ground One of the Petition, Yanagihara asserts that he was denied access to the courts because Respondent Warden Estella Derr ("Respondent" or "Warden Derr") and her staff at the Federal Detention Center in Honolulu, Hawaiʻi ("FDC Honolulu") ignored his written requests to resolve an alleged miscrediting of his time credits under the First Step Act of 2018 ("FSA"), Pub. L. No. 115-391, 132 Stat. 5194. *See generally* ECF No. 4. In Ground Two, Yanagihara contends that he has accumulated more than 170 days of such credit ("FSA time credits" or "time credits") but has only been

credited for 30 days. *See id.* Respondent submitted a response on May 10, 2022, arguing that Petitioner failed to exhaust his administrative remedies, and that in any event, due to the discretion delegated to the Bureau of Prisons ("BOP") to calculate sentences, it need not continuously manually update time credits earned as demanded by Petitioner. ECF No. 8. Petitioner did not submit a reply. Pursuant to Rule 7.1(c) of the Local Rules of Practice of the United States District Court for the District of Hawaii, the Court finds this matter suitable for disposition without a hearing. For the following reasons, the Petition is DISMISSED.

## I.  BACKGROUND[1]

The FSA provides in relevant part that, to "provide incentives and rewards for prisoners to participate in and complete evidence-based recidivism reduction programs," prisoners shall earn a designated number of days of "time credits" for every 30 days of successful participation in such programs, which can be applied toward either earlier movement into prerelease custody or earlier transfer to supervised release. 18 U.S.C. § 3632(d)(4) ("The Director of the Bureau of Prisons *shall transfer* eligible prisoners, as determined under section 3624(g), *into* prerelease custody or supervised release." (emphases added)); *see* 28 C.F.R. § 523.40(b) ("[A]n eligible inmate . . . may earn FSA Time Credits to be applied

---

[1] Because Petitioner is pro se, the Court liberally construes the Petition. *See Eldridge v. Block*, 832 F.2d 1132, 1137 (9th Cir. 1987).

toward prerelease custody or early transfer to supervised release under 18 U.S.C. 3624(g)."); FSA Time Credits, 87 Fed. Reg. 2705, 2706 (Jan. 19, 2022) ("BOP's Final Rule") ("FSA Time Credits [can] be applied toward prerelease custody (*i.e.*, transfer to a Residential Reentry Center (RRC) or home confinement for service of a portion of the inmate's sentence) or transfer to supervised release (*i.e.*, early satisfaction of the inmate's term of imprisonment) under 18 U.S.C. 3624(g)."). Prisoners may also lose time credits for violating the rules of such programs. *See* 28 C.F.R. § 523.43. But even with the earning of such time credits, to be eligible for an early transfer into prerelease custody or supervised release, prisoners must first meet the requirements of 18 U.S.C. § 3624(g), by, for example, "show[ing] through . . . periodic risk reassessments a demonstrated recidivism risk reduction." 18 U.S.C. § 3624(g); *see also* 28 C.F.R. § 523.44(b)(2) (same).

On December 12, 2019, in Case No. 1:16CR00556-002, the Court sentenced Petitioner to 66 months' imprisonment (which is less than the statutory minimum) for violating 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), and 846, conspiracy to distribute and possess with intent to distribute 500 grams or more of methamphetamine. *See* ECF No. 4 at 1; *see also* Judgment in a Criminal Case, *United States v. Yanagihara*, CR. No. 16-00556-2 JMS (D. Haw. Dec. 13, 2019), ECF No. 333 ("Judgment"). On January 23, 2020, Petitioner self-surrendered at the Federal Prison Camp in Duluth, MN, but was ultimately designated to FDC

Honolulu.  *See* ECF No. 8-3 ¶ 16; CR. No. 16-00556-2 JMS, ECF No. 341.

Petitioner's term of incarceration was later reduced to 42 months by Court Order.

*See* ECF No. 4 at 11; ECF No. 8-3 at 7.  The Petition does not indicate when

Petitioner was transferred to FDC Honolulu.  *See generally* ECF No. 4.

At some point after arriving at FDC Honolulu, Petitioner submitted paper "COP OUTS" — informal complaints — regarding the calculation of his FSA time credits, *id.* at 6, and made multiple attempts to pursue administrative remedies to resolve his concerns.  *Id.* at 2.  Petitioner does not explain what those "attempts" were, but asserts that all of his requests were ignored and that Respondent has adopted a policy of denying inmates' requests by ignoring them.  *See id.* at 6–7.

Petitioner alleges in Ground One that he was denied access to the courts because Warden Derr failed to respond to his informal complaints and requests for administrative remedies.  *See* ECF No. 4 at 6.  Petitioner alleges in Ground Two that he had accumulated more than 170 days of FSA time credits by March 30, 2022, but that Respondent's staff indicated he had only accrued 30 days.  *See id.* at 7.  He asserts that his projected release date is therefore May 18, 2022, and not December 9, 2022.  *See id.*  He also notes that Respondent's staff has communicated to inmates information regarding the application of time credits that

4

does not comport with the BOP's Final Rule. *See id.* at 7.[2] He asks solely for the following injunctive relief: (1) that his FSA time credits be calculated according to the BOP's Final Rule and that he be released to Supervised Release on May 18, 2022; and (2) that Respondent be ordered to process inmates' administrative remedies and not deny them access to the courts. *See id.* at 8.

In her response, Respondent indicates that Petitioner's time credits were calculated on December 25, 2021. *See* ECF No. 8 at 8. Those calculations showed that Petitioner had earned 35 days of credit, which was incorrectly inputted as "30." *See id.* at 8–9. Respondent explains that Petitioner had been ineligible to earn time credits during most of his sentence because he was "on writ, on holdover status, or in transit." *Id.* at 13. Respondent also provides documents showing that Petitioner wholly failed to engage in the BOP's administrative remedy process. *See* ECF No. 8-2; ECF No. 8-7 at 2.

Petitioner was released from custody on December 2, 2022. *See* https://www.bop.gov/inmateloc/ (select "find by name" and search for "Chaes

---

[2] ECF No. 4 at 7 ("The Respondent's staff has communicated to inmates that the First Step Act Time Credits are static and do not adjust over time. This is blatantly false. Making matters worse is the application of these Time Credits in the form of added days to an inmates Supervised Release. This application of Credits is clearly spelled out in the Final Rule[]. . . . However, the Respondent's staff has communicated to inmates that these Credits will be applied as an extension of home confinement. This is yet another issue that must be resolved[.]" (citing BOP's Final Rule, 87 Fed. Reg. at 2712)).

Yanagihara") (last visited Feb. 22, 2023). He is currently serving a four-year supervised release term. *See* Judgment at 3.

### III.   DISCUSSION

**A.   Habeas Petitions Under 28 U.S.C. § 2241**

"Review of the execution of a sentence may be had through petition for a writ of habeas corpus under 28 U.S.C. § 2241." *United States v. Giddings*, 740 F.2d 770, 772 (9th Cir. 1984). Section 2241 allows "the Supreme Court, any justice thereof, the district courts and any circuit judge" to grant writs of habeas corpus "within their respective jurisdictions." 28 U.S.C. § 2241(a). A district court must "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243.

**B.   The Habeas Petition Is Not Moot**

Article III of the Constitution limits the jurisdiction of the federal courts to "actual, ongoing" "Cases" and "Controversies." U.S. Const. art. III, § 2, cl. 1; *Lewis v. Cont'l Bank Corp.*, 494 U.S. 472, 477 (1990); *see United States v. Strong*, 489 F.3d 1055, 1059 (9th Cir. 2007). "Failure to satisfy Article III's case-or-controversy requirement renders a habeas petition moot." *Kittel v. Thomas*, 620 F.3d 949, 951 (9th Cir. 2010) (citation and internal quotation marks omitted). Because "parties must continue to have a personal stake in the outcome of [a]

6

lawsuit," *Spencer v. Kemna*, 523 U.S. 1, 7 (1998) (citation and internal quotation marks omitted), generally, once a prisoner is released from custody, a habeas petition challenging the prisoner's confinement becomes moot unless there is "'some concrete and continuing injury other than the now-ended incarceration.'" *Qassim v. Bush*, 466 F.3d 1073, 1076 (D.C. Cir. 2006); *see also Dilley v. Gunn*, 64 F.3d 1365, 1368 (9th Cir. 1995) ("An inmate's release from prison while his claims are pending generally will moot any claims for injunctive relief relating to the prison's policies unless the suit has been certified as a class action." (citations omitted)).

Here, Petitioner is no longer in custody but is currently serving a term of supervised release. Thus, it is possible that, any time Petitioner served in custody beyond that which he should have due to a miscalculation of earned time credits could form *part* of the basis of any modification of his supervised release term. *See* 18 U.S.C. § 3583(e) (requiring the court to consider certain Section 3553(a) factors before modifying a term of supervised release); *see also United States v. Johnson*, 529 U.S. 53, 60 (2000) ("The [supervised release] statute . . . does not reduce the length of a supervised release term *by reason of* excess time served in prison." (emphasis added)).

Notably, because this Court was also Petitioner's sentencing court, it could grant such relief. *Accord, e.g.*, *Strother v. Zook*, No. 3:20-CV-3732-G-BH, 2022

7

WL 816602, at *2 (N.D. Tex. Feb. 24, 2022) (recommending that a 2241 petition be dismissed as moot, because, although the petitioner's release from custody did not alone render his petition for corrected FSA time credits moot as he was serving a term of supervised release, the district court was not the sentencing court, which alone can modify his supervised release term), *report and recommendation adopted by* 2022 WL 816476 (N.D. Tex. Mar. 17, 2022).  But even if the Court had not been Petitioner's sentencing court, the mootness analysis would not be affected.  *See Mujahid v. Daniels*, 413 F.3d 991, 994–95 & n.3 (9th Cir. 2005) (rejecting Government's argument that 2241 petition was moot when inmate was released from custody because the inmate's habeas court was not the same as inmate's sentencing court).

Thus, as it is "possible for [Petitioner] to receive relief in the form of a reduced or modified term of supervised release," this case is not rendered moot. *Gunderson v. Hood*, 268 F.3d 1149, 1153 (9th Cir. 2001).

**C.     Access To Court (Ground One)**

Petitioner alleges in Ground One that he was denied access to the courts because his informal complaints and request for administrative remedies were ignored.  ECF No. 4 at 6.  As a threshold manner, because a denial of access to the courts implicates the *conditions* of incarceration, and not the fact or length of an inmate's custody, Petitioner does not state a cognizable claim under 28 U.S.C.

8

§ 2241. *See Muhammad v. Close*, 540 U.S. 749, 750 (2004) ("Challenges to the validity of any confinement or to particulars affecting its duration are the province of habeas corpus; requests for relief turning on circumstances of confinement may be presented in a § 1983 action." (citation omitted)); *Brown v. Blanckensee*, 857 F. App'x 289, 290 (9th Cir. 2021) ("As the district court correctly concluded, the appropriate remedy for [an access to the courts claim, among others] lies in a civil rights action under *Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971), rather than a § 2241 petition." (citations omitted)).  Ground One is therefore DISMISSED.

Moreover, although a district court may construe a petition for habeas corpus to plead a civil rights cause of action after notifying and obtaining informed consent from the petitioner, *see Nettles v. Grounds*, 830 F.3d 922, 936 (9th Cir. 2016) (en banc), the Court declines to do so here.  First, such a conversion would obligate Petitioner to pay the $350 filing fee for a civil action, even if the action is dismissed at the pleading stage.  *See* 28 U.S.C. §§ 1914, 1915(b).  Second, "[n]o action shall be brought with respect to prison conditions under section 1983 of [Title 42], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."  42 U.S.C. § 1997e(a).  Here, Petitioner has admittedly failed to satisfy the exhaustion requirement.

To the extent Petitioner suggests that he could not exhaust his administrative remedies because his informal requests were ignored, that is not so. The BOP's administrative remedy program consists of the following four steps: (1) presenting an issue of concern informally to staff, *see* 28 C.F.R. § 542.13(a); (2) submitting a formal request for administrative remedies to a facility's warden, *see* 28 C.F.R. 542.14(a); (3) appealing to the appropriate Regional Director, *see* 28 C.F.R. § 542.15(a); and (4) appealing to the BOP's General Counsel, *see id.* *See Seina v. Fed. Det. Ctr.-Honolulu*, Civ. No. 16-00051 LEK-KJM, 2016 WL 6775633, at *5 (D. Haw. Nov. 15, 2016) (describing the BOP's four-step administrative remedy procedure). In general, a warden has 20 days to respond, the Regional Director has 30 days to respond, and the General Counsel has 40 days to respond. *See* 28 C.F.R. § 542.18. These deadlines can be extended, with written notice provided to the inmate. *See id.* "If the inmate does not receive a response within the time allotted for reply, including extension, the inmate may consider the absence of a response to be a denial at that level." *Id.* Thus, Petitioner only needed to wait the allotted time before he appealed to the next level. *See Ghost Dancer v. McGrew*, No. CV 15-3164 DSF (GJSx), 2019 WL 8198194, at *3 (C.D. Cal. Aug. 13, 2019) ("The only sensible reading of § 542.18 . . . is that if the inmate does not receive a response . . . an inmate may consider the absence of a response to be a denial at that level." (footnote omitted)). In other words, Petitioner cannot simply allege

10

that because his informal requests were ignored he has exhausted his administrative remedies; he must proceed through each of the four levels, and Petitioner does not assert that he did so.

Based on the foregoing, the Court concludes that the Petition is not amenable to conversion due to the differences and disadvantages that recharacterization may have on Petitioner's claims.

**D.     Incorrect Calculation Of FSA Time Credits (Ground Two)**

Petitioner asserts in Ground Two that his FSA time credits were incorrectly calculated, and that he was entitled to release on May 18, 2022, and not December 9, 2022.  *See* ECF No. 4 at 8.  But just as his access to court allegation (Ground One) is not viable for failure to exhaust administrative remedies, so, too, is Petitioner's assertion that the BOP incorrectly calculated his FSA time credits.  *See Tucker v. Carlson*, 925 F.2d 330, 332 (9th Cir. 1991) ("Generally, a federal prisoner is required to exhaust his federal administrative remedies before filing a habeas petition."); U.S. Dep't of Justice, Federal Bureau of Prisons, Program Statement No. 5410.01, *First Step Act of 2018 — Time Credits:  Procedures for Implementation of 18 U.S.C. 3632(d)(4)*, at 17 (Nov. 18, 2022), https://www.bop.gov/policy/progstat/5410_01.pdf (last visited Feb. 22, 2023) ("Program Statement No. 5410.01") (requiring inmates to use the BOP's administrative remedy program to seek review of any issue relating to the BOP's

implementation of earning and applying FSA time credits).  Petitioner acknowledges that he did not go through the BOP administrative remedy program as required, and the Government's exhibits showing Petitioner had filed nothing corroborates this.

     Moreover, the record demonstrates that the BOP had revisited the calculation of Petitioner's time credits, and in fact corrected Petitioner's records to show that he had earned 35 days, not 30, of time credits.  *See* ECF No. 8 at 8–9; ECF No. 8-3 at 8.  Petitioner provides no basis for his conclusory assertion that he is entitled to an additional 135 days of time credits; indeed, Petitioner wholly fails to address whether and how BOP's methodology is errant.[3]  To the contrary, it appears that the BOP properly precluded certain periods of Petitioner's sentence from being counted because he was on writ or in transit.  *See* 28 C.F.R. § 523.41 ("An eligible inmate . . . will generally *not* be considered to be 'successfully participating' in [eligible] programs . . . in situations including, but not limited to . . . [t]emporary transfer to the custody of another Federal or non-Federal government agency (e.g., on state or Federal writ, transfer to state custody for service of sentence, etc.)[.]" (emphasis added)).

     Ground Two is therefore DISMISSED.

---

[3] The Court notes that the process by which time credits are calculated appears to now be "fully automated."  Program Statement No. 5410.01, at 10.

## V.     CONCLUSION

(1) For the foregoing reasons, the Petition, ECF No. 4, is DISMISSED. Because any amendment would be futile, this dismissal is without leave to amend. *See Sylvia Landfield Tr.*, 729 F.3d at 1196.

(2) The Clerk is DIRECTED to enter judgment and close this case.

IT IS SO ORDERED.

DATED: Honolulu, Hawaiʻi, February 22, 2023.



Jill A. Otake
United States District Judge

Civil No. 22-00145 JAO-RT, *Yanagihara v. Derr*; ORDER DISMISSING PETITION FOR A WRIT OF HABEAS CORPUS UNDER 28 U.S.C. § 2241